```
                  UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                       STATESVILLE DIVISION


UNITED STATES OF AMERICA      )     DOCKET NO. 5:14-CR-81
                              )
     vs.                      )
                              )
ROGER DALE FRANKLIN,          )
                              )
          Defendant.          )
_____)



                     TRANSCRIPT OF ARRAIGNMENT
             BEFORE THE HONORABLE DAVID C. KEESLER
                 UNITED STATES MAGISTRATE JUDGE
                       FEBRUARY 5, 2015
```

APPEARANCES:

On Behalf of the Government:

    JOHN GEORGE GUISE, ESQ.
    United States Attorney's Office
    227 West Trade Street, Suite 1700
    Charlotte, North Carolina

On Behalf of the Defendant:

    HAAKON THORSEN, ESQ.
    Law Offices of Haakon Thorsen
    1235-E East Boulevard, #239
    Charlotte, North Carolina


Proceedings digitally recorded and transcribed by:

                Cheryl A. Nuccio, RMR-CRR
                 Official Court Reporter
                United States District Court
                  Charlotte, North Carolina

```
 1                        P R O C E E D I N G S
 2             (Transcript of proceedings digitally recorded on
 3   February 5, 2015.)
 4             THE COURT:  The next matter we'll take up this
 5   morning is Roger Dale Franklin.  The number on this is
 6   5:14-cr-81.
 7             Mr. Thorsen is here today with Mr. Franklin and
 8   Mr. Guise is here for the government, of course.
 9             The case is on for arraignment and also for a
10   detention hearing, so we'll start with arraignment.
11             Mr. Thorsen, with regard to that, is Mr. Franklin
12   ready to be arraigned?
13             MR. THORSEN:  He is, Your Honor.  He will waive
14   formal reading of the indictment.  He'll enter a not guilty
15   plea and request a jury trial.
16             THE COURT:  Very well.  Madam Clerk, if you'll
17   please note that Mr. Franklin appeared with counsel today.  We
18   did conduct arraignment in his case.  Through counsel he
19   waived a formal reading of the bill.  Entered a plea of not
20   guilty and requests a trial by jury.  That will constitute his
21   arraignment on these charges.  Our minutes will so reflect.
22   We will issue the usual orders.
23             All right.  That leaves us with the issue of bond.
24   Mr. Thorsen, do you wish to be heard on that today?
25             MR. THORSEN:  Yes, Your Honor.
```

THE COURT: Okay. Mr. Guise.

MR. GUISE: May it please the Court, we are seeking continued detention of Mr. Franklin pending his trial. We would submit to the Court that this is a presumption case first of all. The defendant cannot rebut the presumption of detention in this case. We would submit there is no condition or combination of conditions that would either reasonably assure the safety of the community or the defendant's appearance.

I will tell the Court, the defendant is charged with a methamphetamine conspiracy that goes back to 2007. He is facing a statutory minimum 10 years' imprisonment and up to life imprisonment for that offense. He is facing several substantive methamphetamine distribution charges as well as a firearm in furtherance of drug trafficking charge which the Court knows would carry a statutory mandatory 5 year consecutive sentence to any other sentence he receives and also possession of a firearm by a convicted felon.

We wholeheartedly concur with probation's recommendation of detention in this case and refer the Court to that recommendation which appears on page 16 of the pretrial services report indicating the defendant has been unemployed for several years. He is a heavy drinker by his own admission as well as a user of marijuana. He has a criminal history, Judge, that spans 11 pages in his pretrial

services report.

And while thankfully there are no felony crimes of violence or drug trafficking offenses, I think with regard to the admission that he is a heavy drinker, the Court might take particular notice of the fact that he has been convicted by my count no fewer than nine times for driving under the influence beginning at age 21 in 1983, again in '86, '89, '90, '90 again, '92, '95, '96, 2000 -- excuse me. Just circling the DUIs here. 2002, 2011.

Within this time, Judge, he has been convicted numerous times of other traffic offenses, in particular driving without a license.

He also has convictions including resisting an officer in 1995. Resisting again in 2002.

He had a probation violation indicative of his inclination or lack thereof to abide by terms and conditions imposed by the Court. That was in 2002.

Injury to personal property and communicating threats in 2008. And those charges initially included, again, resisting law enforcement.

Criminal contempt charges in 2011. And the list goes on.

And I might could just stop there in terms of the government's position on detention in this case, but it's important for the Court to understand the facts and

circumstances underlying the charges. Those initiated in August of 2013. The defendant was a passenger in a vehicle driven by a woman named Lisa Dawn Wentworth. That car was stopped. Officers smelled alcohol coming from the vehicle. Ms. Wentworth indicated that she had not been drinking and I don't believe there was any evidence that she was, but she directed law enforcement to a firearm that was in the center console of the vehicle. This was a .38 Special that we have alleged in the indictment the defendant certainly constructively possessed. It was determined that he was a convicted felon. Ms. Wentworth was in possession of methamphetamine herself.

        The defendant was asked out of the vehicle. He asked -- he appeared to be intoxicated. He asked law enforcement for permission to relieve himself on the side of the road, which he was granted. He was patted down. In his pocket at that time law enforcement found several grams of cocaine which is not charged but I think it's relevant. They also found a knife and approximately $4,038 of cash in his cargo shorts.

        Excuse me one moment, Your Honor.

        THE COURT: Sure.

        (Pause.)

        MR. GUISE: Also while the defendant was relieving himself on the side of the road, he attempted to discard

several baggies of methamphetamine like the methamphetamine that was in Ms. Wentworth's possession. In all there was 12.5 grams of methamphetamine seized from Mr. Franklin and Ms. Wentworth on August 19th, 2013.

Defendant was apparently charged. He bonded out. Just a few weeks later, September 3rd of 2013, law enforcement in Caldwell County conducted an undercover buy/bust from the defendant where the defendant sold 3 grams of methamphetamine. He was arrested in possession of methamphetamine and $292 in cash.

He was again charged. Bonded out. A little more than two months later, November 20th of 2013, again in Caldwell County, officers conducted a traffic stop of Mr. Franklin driving with another individual despite having his license revoked. Mr. Franklin consented to a search of the vehicle which resulted in the seizure of approximately 15 grams of methamphetamine, $1,175 in cash.

At that point law enforcement's investigation went to several confidential informants at this time who have indicated the following:

One, that during 2013 he purchased approximately a thousand grams of methamphetamine from Mr. Franklin.

A second who indicated that he had obtained at least 2,800 grams of methamphetamine from the defendant since 2007.

A third who has indicated that in March of 2014 he

1 had purchased a total of 10 ounces or 280 grams of
2 methamphetamine from the defendant.
3 　　　　　And another cooperator who has indicated that in
4 June of 2014, this individual purchased more than 600 grams of
5 methamphetamine from the defendant.
6 　　　　　So those allegations support the conspiracy charge
7 in count one and the drug amount which would trigger the
8 statutory mandatory minimum.
9 　　　　　The evidence in this case, Your Honor, is
10 extraordinarily strong.  The defendant's record is
11 extraordinarily alarming.  For all of these reasons, we would
12 submit that he is both a danger and a risk of flight and we
13 would ask that he be detained.
14 　　　　　THE COURT:  Thank you.
15 　　　　　Mr. Thorsen.
16 　　　　　MR. THORSEN:  Thank you, Your Honor.
17 　　　　　Your Honor, Mr. Franklin is 53 years old.  Has been
18 in the Western District of North Carolina his entire life.
19 Has no intention of leaving the western district and will be
20 in court to face the charges in this matter.
21 　　　　　He tells me he's been in custody on the related
22 state court charges for well over a year now and during that
23 time he's -- he's understood a change to take place in his
24 physiology, in his mind, in his thinking.  He believes he --
25 he no longer has the craving for alcohol that he used to have.

He acknowledges that he has a long criminal history related to his alcohol problems, Your Honor, a number of DUIs, but he says that he does -- if he gets out, he'll be able to abstain from alcohol use, from drug use, and that he wants to be out to help prepare for trial. He's been in custody for some time now. He knows some of the witnesses he wants to obtain will be hard to contact, Your Honor.

And he says he also will have work available for him. He's a trained heating and air conditioning worker. He has friends in the business and he'll be able to obtain employment if he's released. He's fairly sure.

And he has a place to stay with either his brother or elsewhere within the Western District of North Carolina.

He asks that the Court consider his release in this matter because as to his alcohol problems, Your Honor, he feels he has those under control. He'll be able to prepare for trial without driving, without getting behind the wheel of a car. And he won't be drinking.

THE COURT: Okay, Mr. Thorsen. Thank you.

Well, in this situation the hill for Mr. Franklin is just a little too tall to climb. Under the Bail Reform Act, the presumption of detention does apply here. The government's forecast of its evidence is impressive. The defendant's prior criminal record stretches ten pages or more in the pretrial services report. The probation office does

1  recommend that he be detained and I will follow that
2  recommendation and order that he be detained.
3          I'll recommend drug treatment in the jail if it's
4  available where he's being housed.  I suspect that that's not
5  going to be possible where he is, but I'll make that
6  recommendation nonetheless.
7          Mr. Thorsen, I do appreciate your efforts on his
8  behalf.  Good luck the rest of the way with the case.
9          (End of proceedings.)
10                              *****

```
 1  UNITED STATES DISTRICT COURT
 2  WESTERN DISTRICT OF NORTH CAROLINA
 3  CERTIFICATE OF REPORTER
 4
 5
 6          I, Cheryl A. Nuccio, Federal Official Realtime Court
 7  Reporter, in and for the United States District Court for the
 8  Western District of North Carolina, do hereby certify that
 9  pursuant to Section 753, Title 28, United States Code, that
10  the foregoing is a true and correct transcript of the
11  digitally-recorded proceedings, transcribed to the best of my
12  ability, held in the above-entitled matter and that the
13  transcript page format is in conformance with the regulations
14  of the Judicial Conference of the United States.
15
16          Dated this 31st day of May 2016.
17
18                          s/Cheryl A. Nuccio
                            _____
19                          Cheryl A. Nuccio, RMR-CRR
                            Official Court Reporter
20
21
22
23
24
25
```