```
                    UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                        STATESVILLE DIVISION


UNITED STATES OF AMERICA     )    DOCKET NO. 5:14-CR-81
                             )
      vs.                    )    VOLUME II
                             )
ROGER DALE FRANKLIN,         )
                             )
           Defendant.        )
_____)


                  TRANSCRIPT OF TRIAL PROCEEDINGS
              BEFORE THE HONORABLE RICHARD L. VOORHEES
                  UNITED STATES DISTRICT COURT JUDGE
                           JULY 8, 2015




APPEARANCES:

On Behalf of the Government:

      STEVEN KAUFMAN, ESQ.
      United States Attorney's Office
      227 West Trade Street, Suite 1700
      Charlotte, North Carolina

On Behalf of the Defendant:

      HAAKON THORSEN, ESQ.
      Law Offices of Haakon Thorsen
      1235-E East Boulevard, #239
      Charlotte, North Carolina




                        Cheryl A. Nuccio, RMR-CRR
                          Official Court Reporter
                       United States District Court
                         Charlotte, North Carolina
```

```
 1  WEDNESDAY MORNING, JULY 8, 2015
 2              (Court called to order at 11:57 a.m.)
 3              THE COURT:  Are the parties ready to receive the
 4  verdict?
 5              MR. KAUFMAN:  Yes, Your Honor.
 6              MR. THORSEN:  Yes, Your Honor.
 7              THE COURT:  The jury has told you they have a
 8  verdict, right?
 9              THE CLERK:  Yes.
10              THE COURT:  Told the clerk.  Okay.  Thank you.
11  We'll wait for the alternates to arrive and then we'll bring
12  the jury out.
13              (Alternates entered the courtroom.)
14              THE COURT:  Okay.  May we have the jury, please.
15              (Jury entered the courtroom at 11:58 a.m.)
16              THE COURT:  Good morning, members of the jury.
17              THE JURY:  Good morning.
18              THE COURT:  And who will speak for the jury, please?
19              (Juror No. 7 raised her hand.)
20              THE COURT:  Ma'am, did the jury reach a verdict?
21              JUROR NO. 7:  Yes, sir, we did.
22              THE COURT:  Was it unanimous as to all the decisions
23  made on the -- and entered on the verdict sheet?
24              JUROR NO. 7:  Yes, sir.
25              THE COURT:  So did you fill out the verdict sheet
```

```
 1  and sign it and date it?
 2           JUROR NO. 7:  Yes, sir, we did.
 3           THE COURT:  Okay.  Great.
 4           Madam Clerk, if you'll receive the verdict sheet,
 5  please.
 6           (The verdict sheets were tendered to the Court.)
 7           THE COURT:  All right.  Members of the jury, I'm
 8  going to ask the clerk to publish the verdict at this time.
 9  And I'll ask you to listen up as she does that because you'll
10  be asked in just a moment if that is and remains your verdict.
11  Thank you.
12           THE CLERK:  Members of the jury, you have found as
13  follows:
14           As to defendant, Roger Dale Franklin, we, the jury,
15  return the following verdict as to the charges contained in
16  the first superseding bill of indictment against the
17  defendant, Roger Dale Franklin:
18           Issue 1, count one.  As to count one, we, the jury,
19  find the defendant, Roger Dale Franklin, guilty of conspiracy
20  to distribute and possess with intent to distribute a quantity
21  of methamphetamine as alleged in count one of the first
22  superseding indictment.
23           1A, concerning the issue of quantity only, do you,
24  the jury, find that the government has proven beyond a
25  reasonable doubt that the quantity of a mixture and substance
```

containing a detectable amount of methamphetamine, its salts, isomers or salts of its isomers which is attributable to defendant is 500 grams or more? Yes.

1B, concerning the issue of quantity only, do you, the jury, find that the government has proven beyond a reasonable doubt that the quantity of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers or salts of its isomers which is attributable to defendant is less than 500 grams but at least 50 grams? Yes.

Issue 2, count two. As to count two, we, the jury, find the defendant, Roger Dale Franklin, guilty of possessing with intent to distribute a quantity of methamphetamine as alleged in count two of the first superseding bill of indictment.

Issue 3, count three. As to count three, we, the jury, find the defendant, Roger Dale Franklin, guilty of knowingly and unlawfully possessing one or more firearms or aiding and abetting the same in the furtherance of a drug trafficking crime, that is, possession with intent to distribute methamphetamine as charged in count two above.

Issue 4, count four. As to count four, we, the jury, find the defendant, Roger Dale Franklin, guilty of having previously been convicted of one or more crimes punishable by imprisonment for a term exceeding one year and knowingly possessing in and affecting commerce one or more

```
 1  firearms, that is, a Taurus TCP .380 handgun and ammunition.
 2              Issue 5, count five.  As to count five, we, the
 3  jury, find the defendant, Roger Dale Franklin, guilty of
 4  knowingly and intentionally possessing with intent to
 5  distribute a controlled substance, that is, a mixture and
 6  substance containing a detectable amount of methamphetamine, a
 7  Schedule II controlled substance, or aiding and abetting the
 8  same.
 9              Issue 6, count six.  As to count six, we, the jury,
10  find the defendant, Roger Dale Franklin, guilty of knowingly
11  and unlawfully possessing one or more firearms, or aiding and
12  abetting the same, in furtherance of a drug trafficking crime,
13  that is, possession with intent to distribute methamphetamine
14  as charged in counts one or five above.
15              Issue 7, count seven.  As to count seven, we, the
16  jury, find the defendant, Roger Dale Franklin, guilty of
17  having previously been convicted of one or more crimes
18  punishable by imprisonment for a term exceeding one year and
19  knowingly possessing in and affecting commerce one or more
20  firearms, that is, an Interarms .38 Special revolver and
21  ammunition as alleged in count seven of the first superseding
22  bill of indictment -- first superseding indictment.
23              Issue 8, count eight.  As to count eight, we, the
24  jury, find the defendant, Roger Dale Franklin, guilty of
25  possessing with intent to distribute a quantity of
```

1  methamphetamine as alleged in count eight of the first
2  superseding bill of indictment.
3         Issue 9, count nine.  As to count nine, we, the
4  jury, find the defendant, Roger Dale Franklin, guilty of
5  possessing with intent to distribute a quantity of
6  methamphetamine as alleged in count nine of the first
7  superseding bill of indictment.
8         THE COURT:  Madam Clerk, if you'll hand me the
9  verdict sheet, please.
10        (The verdict sheets were tendered to the Court.)
11        THE COURT:  Members of the jury, if you'll excuse me
12 just a minute.  I'm going to have a sidebar conference with
13 the attorneys.  You may be at ease.
14        (Sidebar conference as follows:)
15        MR. KAUFMAN:  We both caught it, Your Honor.
16        THE COURT:  What's that?
17        MR. KAUFMAN:  I think we know what the basis for the
18 sidebar is, Your Honor.
19        THE COURT:  Would it be count two?
20        MR. THORSEN:  Count one.
21        MR. KAUFMAN:  Count one where it's over 500 and less
22 than 500.
23        THE COURT:  Count one.  Yeah, that would -- that
24 appears to be flat out inconsistent.
25        MR. THORSEN:  Yes.

1  THE COURT: So I think we need to bring that to the
2  jury's attention and let them address that.
3  MR. KAUFMAN: Yes, Your Honor.
4  MR. THORSEN: I think that's correct.
5  THE COURT: Okay.
6  MR. THORSEN: It is inconsistent.
7  MR. KAUFMAN: And not following the directions on
8  the form.
9  THE COURT: It says what to do if they answer no and
10 then what they do when they answer yes. So I'll just let them
11 read it carefully and adjust it according to their decision;
12 that they need to be unanimous in that.
13 MR. THORSEN: Yes.
14 THE COURT: Okay.
15 (End of sidebar conference.)
16 THE COURT: Members of the jury, the question the
17 Court has that I would like for you to address as a jury has
18 to do with count one. You found defendant guilty of the
19 conspiracy charge and then you indicated that the quantity was
20 500 or more grams of a detectable amount of meth, but then you
21 went on to issue 1B and indicated that the amount was less
22 than 500 grams but at least 50 grams.
23 So that's inconsistent and I'm going to send it
24 back -- send you back with the verdict sheet and ask you to
25 address that and you should address that count and any others

```
 1  that you think need further attention.  But I would like you
 2  to address that and see if you can't make it consistent and
 3  reflect your true findings in the matter.  I think it's just
 4  an oversight on your part, but it's something that has to be
 5  addressed and only you all as a group of 12 can do that.
 6  Thank you.  And you can mark the verdict sheet according to
 7  how you find.
 8          (The jury exited the courtroom at 12:08 p.m.)
 9          MR. KAUFMAN:  Your Honor...
10          THE COURT:  Yes.
11          MR. KAUFMAN:  While the jury is redeliberating, I'd
12  call to the Court's attention that with regard to the two
13  firearms which were included in a forfeiture provision for the
14  bill of indictment, the parties prepared in the event of a
15  conviction a proposed consent order and judgment of forfeiture
16  that the parties and Mr. Franklin have signed.
17          THE COURT:  All right, sir.  If you'll hand that up.
18          MR. KAUFMAN:  Thank you.
19          (The documents were tendered to the Court.)
20          MR. KAUFMAN:  And those are the only two items that
21  haven't already been resolved with regard to the forfeitures.
22          THE COURT:  Okay.  I'll take that up when we receive
23  the revised verdict sheet.
24          MR. KAUFMAN:  Yes, Your Honor.
25          THE COURT:  I appreciate your staying with us until
```

```
 1  now.  It appears that you're not likely to be needed at this
 2  point so I would let you go, but you're free to stay until all
 3  the jury members are dismissed if you would like to do that.
 4  I doubt it would take very long for them to address that
 5  apparent inconsistency.
 6            (Pause.)
 7            THE CLERK:  They say they've resolved the matter.
 8            THE COURT:  Okay.
 9            CSO:  Bring them in?
10            THE COURT:  Yes, sir.
11            (Jury returned to the courtroom at 12:11 p.m.)
12            THE COURT:  Okay.  Ma'am, now that the jury has
13  returned once again, did you mark the verdict sheet?
14            JUROR NO. 7:  Yes, sir, it's correct.
15            THE COURT:  And is that now correct in your opinion?
16            JUROR NO. 7:  Yes, sir.
17            THE COURT:  All right.  Thank you, ma'am.
18            (The verdict sheets were tendered to the clerk.)
19            THE CLERK:  Do you want me to read count one over?
20            THE COURT:  It appears there was no change except
21  for 1B; is that correct, ma'am?
22            THE CLERK:  Yes, sir.
23            THE COURT:  All right.  So if you would read that,
24  Madam Clerk.
25            THE CLERK:  Okay.  1B, concerning the issue of
```

```
 1   quantity only, do you, the jury, find that the government has
 2   proven beyond a reasonable doubt that the quantity of a
 3   mixture and substance containing a detectable amount of
 4   methamphetamine, its salts, isomers or salts of its isomers
 5   which is attributable to defendant is less than 500 grams but
 6   at least 50 grams?  No.
 7            THE COURT:  And then A remains, if you'll read that
 8   too.
 9            THE CLERK:  1A, concerning the issue of quantity
10   only, do you, the jury, find that the government has proven
11   beyond a reasonable doubt that the quantity of a mixture and
12   substance containing a detectable amount of methamphetamine,
13   its salts, isomers or salts of its isomers which is
14   attributable to defendant is 500 grams or more?  Yes.
15            THE COURT:  And the verdict on count one remains?
16            THE CLERK:  Guilty.
17            THE COURT:  Guilty.  And there's no other change,
18   Madam Clerk?
19            THE CLERK:  No, sir, just as to 1B.
20            THE COURT:  All right.  If you would please poll the
21   jury.
22            THE CLERK:  Yes, sir.
23            Juror number 1, was this your verdict; is this still
24   your verdict?
25            JUROR NO. 1:  Yes.
```

```
 1              THE CLERK:  Juror number 2, was this your verdict;
 2   is this still your verdict?
 3              JUROR NO. 2:  Yes.
 4              THE CLERK:  Juror number 3, was this your verdict;
 5   is this still your verdict?
 6              JUROR NO. 3:  Yes.
 7              THE CLERK:  Juror number 4, was this your verdict;
 8   is this still your verdict?
 9              JUROR NO. 4:  Yes.
10              THE CLERK:  Juror number 5, was this your verdict;
11   is this still your verdict?
12              JUROR NO. 5:  Yes.
13              THE CLERK:  Juror number 6, was this your verdict;
14   is this still your verdict?
15              JUROR NO. 6:  Yes.
16              THE CLERK:  Juror number 7, was this your verdict;
17   is this still your verdict?
18              JUROR NO. 7:  Yes.
19              THE CLERK:  Juror number 8, was this your verdict;
20   is this still your verdict?
21              JUROR NO. 8:  Yes.
22              THE CLERK:  Juror number 9, was this your verdict;
23   is this still your verdict?
24              JUROR NO. 9:  Yes.
25              THE CLERK:  Juror number 10, was this your verdict;
```

```
 1  is this still your verdict?
 2             JUROR NO. 10:  Yes.
 3             THE CLERK:  Juror number 11, was this your verdict;
 4  is this still your verdict?
 5             JUROR NO. 11:  Yes.
 6             THE CLERK:  Juror number 12, was this your verdict;
 7  is this still your verdict?
 8             JUROR NO. 12:  Yes.
 9             THE COURT:  Thank you, Madam Clerk.
10             Will there be anything further before we dismiss the
11  jury?
12             MR. KAUFMAN:  No, Your Honor.
13             MR. THORSEN:  No, Your Honor.
14             THE COURT:  All right.  Members of the jury, I want
15  to thank you very much for your participation in the case and
16  also the alternates who have been with us.  If you have any
17  questions about your jury service, feel free to stop by the
18  clerk's office on the third floor on your way out or call the
19  telephone number that you've been given.  Again, with our
20  appreciation you're free to leave at this time.
21             (Jury exited the courtroom at 12:14 p.m.)
22             THE COURT:  Okay.  The jurors have now departed.
23  Mr. Franklin, the jury having found as it did, the remaining
24  business of the Court in this matter would be to have a
25  sentencing hearing and that would take place several months
```

1  from now.  Between now and then the presentence officer will
2  contact you and set up an interview to -- in connection with
3  preparing the presentence report.  And you're entitled to have
4  your attorney with you when that interview takes place if you
5  see fit.
6       Then at least 35 days before the sentencing hearing,
7  you and your attorney will receive a copy of the proposed
8  presentence report by the probation officer and that will give
9  you all an opportunity to go over and make sure its accurate.
10 And if it is not, you may object to it.  And then oftentimes
11 it is amended accordingly or revised.  But in any event, you'd
12 also be able to speak to the Court at the time of sentencing
13 yourself and your attorney would have that opportunity as
14 well.  And you may offer evidence at that time if that is
15 appropriate.
16       Anything further?
17       MR. KAUFMAN:  No, Your Honor.
18       THE COURT:  No, Your Honor.
19       THE DEFENDANT:  Yes, Your Honor, I want to appeal
20 this.  I want to enter notice of appeal.
21       THE COURT:  All right, sir.  That is normally done
22 after the sentencing hearing.  Right now it could be entered,
23 but if we did it would simply be rejected until the sentencing
24 occurs.
25       THE DEFENDANT:  I thought I had ten days to do it.

1    THE COURT: Yes, sir, I understand.
2    MR. THORSEN: We'll take care of that.
3    THE COURT: We certainly will protect your right to
4 appeal the Court's judgment and any sentence that is handed
5 down.  Thank you.
6        (End of proceedings at 12:16 p.m.)
7                        *****

```
 1  UNITED STATES DISTRICT COURT
 2  WESTERN DISTRICT OF NORTH CAROLINA
 3  CERTIFICATE OF REPORTER
 4
 5
 6           I, Cheryl A. Nuccio, Federal Official Realtime Court
 7  Reporter, in and for the United States District Court for the
 8  Western District of North Carolina, do hereby certify that
 9  pursuant to Section 753, Title 28, United States Code, that
10  the foregoing is a true and correct transcript of the
11  stenographically reported proceedings held in the
12  above-entitled matter and that the transcript page format is
13  in conformance with the regulations of the Judicial Conference
14  of the United States.
15
16           Dated this 31st day of May 2016.
17
18
19                              s/Cheryl A. Nuccio
                                _____
20                              Cheryl A. Nuccio, RMR-CRR
                                Official Court Reporter
21
22
23
24
25
```